Of Counsel:

**ROECA LURIA HIRAOKA LLP**
A Limited Liability Law Partnership

| | |
|---|---|
| ARTHUR F. ROECA | 1717-0 |

aroeca@rlhlaw.com

| | |
|---|---|
| JAMES SHIN | 6333-0 |

jshin@rlhlaw.com

| | |
|---|---|
| JODIE D. ROECA | 3914-0 |

jroeca@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

Attorneys for Defendant
HAWAII BEACH HOMES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VINCENT KHOURY TYLOR, | ) | CV 16-00546 (KJM) |
| | ) | (Copyright Infringement) |
| Plaintiff, | ) | |
| | ) | DEFENDANT HAWAII BEACH |
| vs. | ) | HOMES, INC.'S ANSWER TO |
| | ) | COMPLAINT FOR COPYRIGHT |
| HAWAII BEACH HOMES, INC., a | ) | INFRINGEMENTS AND DIGITAL |
| Hawaii Corporation; JOHN DOES | ) | MILLENNIUM COPYRIGHT ACT |
| 1-10; JANE DOES 1-10; DOE | ) | VIOLATIONS FILED OCTOBER 4, |
| CORPORATIONS 1-10; DOE | ) | 2016; DEMAND FOR JURY TRIAL; |
| PARTNERSHIPS 1-10; and DOE | ) | CERTIFICATE OF SERVICE |
| ASSOCIATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | Trial Date: None |
| _____ | ) | Honorable Kenneth J. Mansfield |

638-25/p.Def. Hawaii Beach Homes' Ans. to Complaint.final.wpd

# DEFENDANT HAWAII BEACH HOMES, INC.'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENIUM COPYRIGHT ACT VIOLATIONS FILED OCTOBER 4, 2016 (Doc 1)

COMES NOW, Defendant HAWAII BEACH HOMES, INC., (hereinafter "Defendant") by and through its counsel, Roeca Luria Hiraoka LLP, and for answer to Plaintiff's October 4, 2016 Complaint for Copyright Infringements and Digital Millenium Copyright Act Violations filed, states as follows:

Defendant denies each allegation contained in the Complaint and each allegation and claim for relief which is not hereinafter expressly admitted .

## FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
## PARTIES

2. With respect to the allegations in paragraphs 1 and 3, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations thereof, and therefore denies the same.

3. Defendant admits the allegations in paragraph 2.

## JURISDICTION AND VENUE

4. With respect to Paragraph 4 of the Complaint, Defendant admits only that the Complaint alleges copyright infringements in violation of the United States

Copyright Act and of the Digital Millenium Copyright Act. Defendant denies any and all allegations of wrongdoing and/or liability.

    5.    Defendant admits the allegations of paragraphs 5 and 6 of the Complaint.

## FACTUAL AND LEGAL ALLEGATIONS

    6.    As to the allegations of paragraph 7, Defendant admits that it manages the website at http://www.hawaii-beachhomes.com/ and that people can view information on HBH's vacation rentals on said website, and denies the remainder of the allegations of paragraph 7.

    7.    As to the allegations of paragraph 8, Defendant admits that it managed the facebook page at https://www.facebook.com/HawaiiBeachHomes , and denies the remainder of the allegations of paragraph 8.

    8.    As to the allegations of paragraphs 9, 10, 11, 12, 13, 14, and 19, Defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations thereof, and therefore denies the same.

    9.    Defendant denies the allegations of paragraphs 15, 16, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, and 35.

10. As to the allegations of paragraph 17, Defendant admits that Plaintiff sent Defendant a letter in October, 2015 alleging copyright infringements and DMCA violations, however the remainder of the allegations of paragraph 17 are denied.

## THIRD DEFENSE

11. Plaintiff's Complaint, and each claim alleged therein, is barred because Plaintiff has not suffered any harm as a result of the conduct of Defendant.

## FOURTH DEFENSE

12. Defendant intends to rely on the defense that Plaintiff has failed to join parties indispensable under Rule 19 of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

13. Plaintiff is barred from maintaining this action against Defendant by reason of his own negligence or other wrongful conduct which caused the injuries alleged in the Complaint herein.

## SIXTH DEFENSE

14. Plaintiffs' Complaint, and each claim alleged therein, is barred by the doctrine of estoppel.

## SEVENTH DEFENSE

15. Plaintiff is barred from maintaining this action against Defendant by reason of Plaintiff's voluntary assumption of a known risk.

## EIGHTH DEFENSE

16. Defendant intends to rely on the defense of unclean hands.

## NINTH DEFENSE

17. Defendant alleges that the claims alleged in the Complaint were caused, if at all, by other persons or entities not named in the Complaint, and not by Defendant.

## TENTH DEFENSE

18. Plaintiff is barred from maintaining this action against Defendant based upon the doctrine of laches.

## ELEVENTH DEFENSE

19. Defendant alleges that the claims alleged within the Complaint are barred by the applicable statute of limitations.

## TWELFTH DEFENSE

20. Defendant intends to rely upon the defense that even if Plaintiff sustained any of the injuries and damages as alleged in the Complaint, such injury

and damages were proximately caused by persons or entities over which Defendant had no control, thus Defendant did not proximately cause Plaintiff's alleged injury and damage, if any.

### THIRTEENTH DEFENSE

21. Defendant intends to rely upon the defense that even if Defendant was negligent or at fault, any such negligence or fault was not the legal/proximate cause of Plaintiff's injury and damage as alleged in the Complaint due to the fact Plaintiff's injury and damage resulted from the tortious acts or omissions of other defendants or events, if any, and said other defendants' torts or events constitute intervening and superceding causes of Plaintiffs' injuries and damages.

### FOURTEENTH DEFENSE

22. Defendant intends to rely upon the defense that Plaintiff's negligent acts, omissions or breaches were a proximate cause of Plaintiff's damages, if any.

### FITEENTH DEFENSE

23. Defendant intends to rely upon the defense that Plaintiff's actions added to or aggravated their injuries alleged in the Complaint.

### SIXTEENTH DEFENSE

24. Defendant alleges that Plaintiff has not suffered any damages due to Defendant's conduct.

## SEVENTEENTH DEFENSE

25. Plaintiff has waived any claim against Defendant.

## EIGHTEENTH DEFENSE

26. Defendant gives notice that it reserves the right to raise the defense of lack of copyright registration or fatally defective copyright registration. To the extent that the copyright registrations relied upon by Plaintiffs are inapplicable or fatally defective, this Court lacks jurisdiction over the subject matter of this action.

## NINETEENTH DEFENSE

27. Defendant gives notice that it reserves the right to raise the defense that Plaintiff lacks standing to bring the alleged claims or that Plaintiff's claims are otherwise non-judiciable. To the extent that Plaintiff lacks standing to bring the alleged claims, or the claims are otherwise non-judiciable, this Court lacks jurisdiction over such claims.

## TWENTIETH DEFENSE

28. Defendant gives notice that it reserves the right to raise the defenses of consent, waiver, release, abandonment, acquiescence, recession, abrogation, accord and satisfaction, license, implied license, and set-off or off-set.

## TWENTY-FIRST DEFENSE

29. Defendant gives notice that it reserves the right to raise the defenses of unconscionability, illegality, mistake, entrapment, enticement, and bad faith.

## TWENTY-SECOND DEFENSE

30. Defendant gives notice that it reserves the right to raise the defense that Plaintiffs abandoned any copyright inhering in the subject photographs and/or that the subject photographs are in the public domain.

## TWENTY-THIRD DEFENSE

31. Defendant gives notice that it reserves the right to raise the defenses of fair use and/or de minimus infringement.

## TWENTY-FOURTH DEFENSE

32. Defendant gives notice that it reserves the right to raise the defense of innocent intent.

## TWENTY-FIFTH  DEFENSE

33. Plaintiff has an adequate remedy at law and injunctive relief is not warranted in the circumstances of this case.

## TWENTY-SIXTH DEFENSE

34 . Defendant reserves the right to assert additional defenses that may be revealed through investigation, discovery, and or trial, and Defendant gives further

notice that Defendant intends to rely upon any other matter which constitutes an avoidance or affirmative defense available under Rules 8 and/or 12 of the Federal Rules of Civil Procedure.

## TWENTY-SEVENTH DEFENSE

35. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be available to it in this action and Defendant reserves the right to assert additional defenses when such affirmative defenses are applicable.

PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

(1) The Complaint be dismissed with prejudice or that judgment be entered in Defendant's favor and against Plaintiff;

(2) Defendant be awarded its attorneys' fees and costs incurred herein as provided by statute;

(3) That if it be determined that Plaintiff, Defendant and/or any other party to this action were negligent or at fault with respect to the events described in the Complaint, the comparative degree of fault of each such party be determined in accordance with Section 663-31, H.R.S., and judgment be rendered accordingly; and

(4) That the Court award such other and further relief as it deems just and equitable in the premises.

DATED: Honolulu, Hawaii, November 4, 2016.

/s/ Jodie D. Roeca
ARTHUR F. ROECA
JAMES SHIN
JODIE D. ROECA
Attorneys for Defendant
HAWAII BEACH HOMES, INC.